UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE HON. LEO M. GORDON, JUDGE

| | |
|---|---|
| ALPINESTARS SPA, | : |
| Plaintiff, | : |
| v. | : Court No. 09-00271 |
| UNITED STATES, | : |
| Defendant. | : |

# FIRST AMENDED COMPLAINT

Plaintiff, through its undersigned attorneys, alleges the following as its complaint in this case:

1. The United States Court of International Trade has jurisdiction over this action pursuant to 28 U.S.C. § 1581(a).

2. Plaintiff is the importer of record of the subject merchandise.

3. The protest and summons in this action were timely filed.

4. All liquidated duties, charges and exactions were paid prior to the commencement of this action.

5. The subject merchandise is identified in the commercial invoice for the subject entry as style "Tech 8" and model number "201106."

6. The subject merchandise is footwear designed for riding motorcycles during motocross racing and other off-road motorcycle sports.

7. The upper of the subject merchandise covers the ankle.

8. The subject merchandise was classified upon liquidation under subheading 6402.91.90, HTSUS, as other footwear with outer soles and uppers of rubber or plastics, valued

over $12/pair, and was assessed with duty at the rate of 20% *ad valorem*.

## COUNT I

9. Note 4 of Chapter 64 of the Harmonized Tariff Schedules of the United States (HTSUS) states that footwear is to be classified based on the constituent material of the upper and the constituent material of the outer sole.

10. Note 4 (a) of Chapter 64 HTSUS states that the constituent material of the upper "shall be taken to be the constituent material of the upper having the greatest external surface area, no account being taken of accessories or reinforcements such as ankle patches, edging, ornamentation, buckles, tabs, eyelet stays or similar attachments."

11. Affixed to the upper of the subject footwear are plastic and metal accessories and reinforcements such as ankle patches, edging, ornamentation, buckles, tabs, eyelet stays or similar attachments.

12. The constituent material of the upper of the subject footwear is leather.

13. Leather occupies the greatest external surface area of the upper, with no account being taken of accessories or reinforcements such as ankle patches, edging, ornamentation, buckles, tabs, eyelet stays or similar attachments.

14. The constituent material of the outer sole of the subject footwear is rubber or plastics.

15. The subject merchandise is properly classifiable under subheading 6403.91.60, HTSUS, as footwear with outer soles of rubber or plastics and uppers of leather, and is dutiable at the rate of 8.5% *ad valorem*.

## COUNT II

16. Plaintiff repeats paragraphs 1-14 as if fully set forth herein.

17. Chapter 64 Subheading Note 1 defines the term "sports footwear" to apply to (a) footwear which is designed for a sporting activity and has, or has provision for the attachment of spikes, sprigs, cleats, stops, clips, bars or the like, and (b) skating boots, ski-boots and cross-country ski footwear, snowboard boots, wrestling boots, boxing boots and cycling shoes.

18. The subject merchandise is designed for a sporting activity.

19. Attached to the bottom and front of the outer sole of the subject merchandise is a replaceable steel "toe cap."

20. The steel toe cap is similar to spikes, sprigs, cleats, stops, clips, bars or the like.

21. Attached to the bottom of the outer sole of the subject merchandise is a replaceable "footpeg insert."

22. The footpeg insert is similar to spikes, sprigs, cleats, stops, clips, bars or the like.

23. The subject merchandise is properly classifiable under subheading 6403.19.4090, HTSUS, as other sports footwear with outer soles of rubber or plastics and uppers of leather, and is dutiable at the rate of 4.3% *ad valorem*.

## COUNT III

24. Plaintiff repeats paragraphs 1-10 and 17-22 as if fully set forth herein.

25. If the constituent material of the upper is determined to be plastic, then the subject merchandise is properly classifiable under subheading 6402.19.9031, HTSUS, as other sports footwear with outer soles and uppers of rubber or plastics, and is dutiable at the rate of 9% *ad valorem*.

## COUNT IV

26. Plaintiff repeats paragraphs 1- 8 as if fully set forth herein.

27. Note 1(f) of Chapter 64 excludes "shin-guards or similar protective sportswear (chapter 95)" from classification in Chapter 64.

28. Heading 9506, HTSUS, encompasses "[a]rticles and equipment for general physical exercise, gymnastics, athletics, other sports (including table tennis) or outdoor games, not specified or included elsewhere in this chapter…."

29. The subject merchandise is specially designed and intended for use only in motocross and other off-road motorcycle sports.

30. The subject merchandise is specially designed and intended to provide protection from injury to the wearer during motocross and off-road motorcycle sports.

31. The subject merchandise is classifiable under subheading 9506.99.60, HTSUS, as other articles and equipment for sports and/or outdoor games and is dutiable at the rate of 4% *ad valorem*.

**WHEREFORE**, plaintiff respectfully requests that Customs' classification upon liquidation of the subject merchandise be overruled, that the claimed classification for the subject merchandise under subheadings 6403.91.60, 6403.19.40, 6402.19.90, or 9506.99.60 HTSUS, be sustained; and that the appropriate Customs official be directed to reliquidate the involved entry accordingly, and to refund the excess duties collected, with lawful interest, and that the Court grant such further relief, including attorney's fees and costs, as it deems proper.

                Respectfully submitted,

                GRUNFELD, DESIDERIO, LEBOWITZ,
                SILVERMAN & KLESTADT LLP
                Attorneys for Plaintiff
                399 Park Avenue
                25th Floor
                New York, New York 10022
                Tel. (212) 557-4000

                By: /s/ Joseph M. Spraragen
                      Erik Smithweiss
                      Joseph M. Spraragen

Dated:  New York, New York
        January 13, 2011

8131693_1